Laurence R. Sharlot (No. 014651)
E-mail: lrs@jhkmlaw.com
Joseph A. Brophy (No. 026662)
E-mail: jab@jhkmlaw.com
**JENNINGS HAUG KELEHER MCLEOD**
2800 N. Central Avenue, Suite 1800
Phoenix, AZ 85004-1049
Telephone:   602-234-7800
Facsimile:    602-277-5595

*Attorneys for Defendant*
*Nationwide Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Roberts and Sandra Pacatte Roberts, | Case No. |
| Plaintiffs, | **Defendant's Notice of Removal** |
| vs. | |
| Nationwide Insurance Company, an Ohio Corporation; XYZ I-III; ABC Partnerships I-III; John and Jane Does I-III; | |
| Defendants. | |

        Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.6, Defendant Nationwide General Insurance Company  ("Nationwide"), improperly named as Nationwide Insurance Company, submits its Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice was filed with the Clerk of the Superior Court, in and for the County of Maricopa, and served on all adverse parties.

        Attached hereto as Exhibits are copies of all process, pleadings and orders served upon this Defendant in this action. Specifically, they are the Complaint (**Exhibit 1**), Summons (**Exhibit 2**), Certificate Regarding Compulsory Arbitration (**Exhibit 3**), Cover Sheet with Discovery Designation of Tier 2 (**Exhibit 4**) and Service of Process (**Exhibit 5**).

The following is a short and plain statement of grounds for removal.

1.    The action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) (1) in that "it is between citizens of different states" and "the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs."  Proof that the amount in controversy exceeds $75,000 is attached hereto as **Exhibit 1** (Plaintiffs' Complaint), **Exhibit 3** (Certificate of Compulsory Arbitration), Exhibit 4 **Exhibit 4** (Cover Sheet with Discovery Designation of Tier 2) and **Exhibit 6** (Plaintiffs' counsel's Demand letter to Defendant). It is a case which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

2.    As alleged in the Complaint, Plaintiffs are residents of the State of Arizona. Defendant Nationwide is an Ohio company with its principal place of business in Ohio.  Thus, this action is "between citizens of different states" as required by 28 U.S.C. § 1332(a)(1).

3.    This alleged breach of contract and bad faith action is not a "direct action" as that phrase has been interpreted by the Ninth Circuit, and thus, 28 U.S.C. § 1332(c)(1) is not applicable. *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728 (9th Cir. 1993) (bad faith action against a plaintiff's own insurer is not a "direct action" within the meaning of § 1332(c)(1)).

4.    With respect to "the amount in controversy," the foregoing is "simply an estimate of the total amount in dispute, not a perspective assessment of defendant's liability." *Lewis v. Verizon Communications Inc.,* 627 F.3d 395 (9th Cir. 2010) citing *McPhail v. Dere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) ("the amount in controversy is not proof of the amount plaintiff will recover, rather it is an estimate of the amount that will be put at issue in the course of the litigation").  Thus, to establish the jurisdictional amount, the Defendant need not and does not here concede liability for the amount in controversy.  *Id.*

5.    By way of background, this matter arises out of a water loss that occurred at Plaintiffs' residence in Maricopa County, Arizona on  August 16, 2021.  At the time of the incident, Plaintiffs claim they were insured by Defendant pursuant to a homeowner's policy. Plaintiffs allege that Defendant breached its contract with Plaintiffs and committed bad faith

1

2

in the handling of Plaintiffs' claim and for failure to pay for damages alleged to be the result of the August 16, 2021 water loss.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

6.    As set forth above, and as attached as **Exhibit 1**, Plaintiffs have alleged breach of contract and bad faith (bad faith) against Defendant.  In **Exhibit 3**, they certified to the Maricopa County Superior Court that the amount in controversy was not less than $50,000.[1] Further, in **Exhibit 4**, Plaintiffs, pursuant to Rule 26.2, Arizona Rules of Civil Procedure, designated this matter as a Tier 2 case for the purpose of the nature and extent of discovery necessary for this case.  Pursuant to Rule 26.2(c)(3)(B), Arizona Rules of Civil Procedure, Tier 2 discovery designations are limited to those actions where the damages claimed are more than $50,000 and less than $300,000.  Further, although Plaintiffs' Complaint does not state a specific dollar amount being sought as Rule 8(g), Arizona Rules of Civil Procedure, prohibits the Plaintiff from alleging a specific dollar figure where the claim is not for a sum certain, Plaintiffs' Complaint however, asserts damages of over $200,000.[2]  Additionally, Plaintiffs' assert unspecified damages for Nationwide's alleged bad faith conduct and further seeks punitive damages.[3]  Finally, Plaintiffs' Complaint also seeks attorneys' fees pursuant to A.R.S. § 12-341.01.[4]  Defendant submits that a fair reading of the Complaint alone is enough to establish there is more than $75,000 in controversy.

18

19

20

21

22

23

7.    Even if this Court were to find that the amount in controversy is not evident from the face of the Complaint, there is other evidence to support the conclusion that the amount in controversy has been satisfied.  The amount "in controversy" is evident from Plaintiffs' counsel's demand letter to Defendant attached hereto **Exhibit 6**. At page 3 of Plaintiffs' counsel's demand letter, Plaintiffs specifically demand $200,000.00 to settle their

24

25

26

27

[1] Maricopa County Superior Court Local Rule 3.10(a) requires that all cases in which the amount in controversy does not exceed $50,000 be certified for compulsory arbitration.  By not certifying the case for compulsory arbitration, Plaintiffs represented to the Superior Court that the amount in controversy exceeds $50,000.
[2] Exhibit 1, Page 13.
[3] Exhibit 1, Pages 11-12.
[4] Exhibit 4, Page 14.

28

claims against Nationwide.  Courts have held that demands for payment are relevant evidence of the amount in controversy.  *See, Cohn v. PetSmart, Inc.,* 281 F.3rd 837, 840 (9th Cir. 2002) (settlement letter is relevant evidence of the amount in controversy).

8.      Removal is timely under 28 U.S.C. § 1446(b), because the 30-day time period for removal has not lapsed.  The Complaint was filed on January 10, 2023, but not served on Defendant Nationwide (to the State of Arizona Department of Insurance) until March 3, 2023. *See* **Exhibit 5**.  Today's notice is filed within 30 days of service.

9.      In accordance with 28. U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11, Federal Rules of Civil Procedure. Defendant reserves the right to amend or supplement this Notice of Removal. Wherefore, removing Defendant Nationwide requests that this action proceed in this Court as an action properly removed to it.

DATED this 31st day of March, 2023.

JENNINGS HAUG KELEHER MCLEOD

s/ Laurence R. Sharlot

_____
Laurence R. Sharlot
Joseph A. Brophy
Attorneys for Defendant
*Nationwide Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31st, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. A copy of the attached document was also served by U.S. Mail this same date.

Ryan P. Sandstrom
Marilyn M. Kitt
COPPER CANYON LAW, LLC
431 E. 1st Avenue
Mesa, Arizona 85210
*Attorneys for Plaintiffs*

s/ *B. Beck*

_____

*EXHIBIT 1*

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
1/10/2023 3:54:01 PM
Filing ID 15375680

1  Ryan P. Sandstrom/Bar No. 029862
   Marilyn M. Kitt/Bar No. 037975
2  **COPPER CANYON LAW, LLC**
   43 E. 1st Avenue
3  Mesa, AZ 85210
4
   Phone: 480.833.3838
5  Fax: 480.503.8112
   E-Mail: ryan@coppercanyonlaw.com
6  E-Mail: marilyn@coppercanyonlaw.com
7  Attorneys for Plaintiffs Peter Roberts and Sandra Pacatte Roberts
8
9            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10               **IN AND FOR THE COUNTY OF MARICOPA**
11

| | |
|---|---|
| 12  PETER ROBERTS and SANDRA PACATTE ROBERTS, | Case No.: **CV2023-090138** |
| 13              Plaintiffs, | **COMPLAINT** |
| 14  v. | |
| 15  NATIONWIDE INSURANCE COMPANY, an Ohio Corporation; XYZ I-III; ABC PARTNERSHIPS I-III; JOHN and JANE DOES I-III; | ((Breach of Contract, First Party Bad Faith, Punitive Damages, and Reasonable Expectations) |
| 16 | |
| 17 | |
| 18 | |
| 19              Defendants. | |

20       Plaintiffs Peter Roberts and Sandra Pacatte Roberts for their Complaint against Defendant

21  Nationwide Insurance Company ("Nationwide"), and other Defendants allege as follows:

22                      **PARTIES, JURISDICTION, AND VENUE**

23       1.      Plaintiffs Peter Roberts and Sandra Pacatte Roberts are, and at all relevant times

24  were, residents of Arizona.

25       2.      The events giving rise to this matter arise from damages to Plaintiffs' primary

26  residence, located at 5826 East Inglewood Street, which is in Mesa, Arizona (the "Home").

27

28

3.     Defendant Nationwide Insurance Company issued Policy No. 7202HR000829 to Plaintiffs covering their Home (the "Policy"). The Policy was in effect as of August 16, 2021. Defendant Nationwide Insurance Company at all relevant times was a foreign corporation doing business in Ohio, and is licensed to provide insurance services including, but not limited to, issuing homeowners insurance policies, and providing homeowners insurance policies to individuals and businesses in Arizona.

4.     Between August 11 and August 16, 2021, Plaintiffs suffered a water loss at their Home due to severe storms, often called microbursts. They submitted a claim to Nationwide Insurance Company, Claim No. 864759-GM.

5.     The true names and capacities, whether individual, corporate, or otherwise, of the Defendants John and Jane Doe I-III, ABC Partnerships I-III, and XYZ Corporations I-III, are unknown to the Plaintiffs at this time.  Plaintiffs, therefore, sue said Defendants by fictitious names, and will ask for leave to amend this Complaint to state their true names and capacities at such time as the same become known to the Plaintiffs.  Said individual Defendants are either residents and citizens of the State of Arizona or caused events to occur in the State of Arizona, out of which the Claims for the subject of this Complaint arose.  Said corporate Defendants are either Arizona corporations or foreign corporations, partnerships, joint ventures, or other legal entities, which are doing business in Arizona or have caused events to occur in the State of Arizona out of which the Claims for the subject of this Complaint arose.

6.     Defendants caused events to occur in the State of Arizona out of which the Claims for the subject of this Complaint arose.

7.     Venue and jurisdiction are proper in this Court.

**GENERAL ALLEGATIONS**

8.     Plaintiffs incorporate the previous allegations as if fully set forth herein.

9.     Plaintiffs own a house at 5826 East Inglewood Street, Mesa, Arizona 85202 where they live.

10.    Plaintiffs had an active insurance policy through Nationwide Insurance Company's homeowners insurance Policy number 7202HR000829 during the date of this loss.

11.    During the week of August 16 and 17, 2021, Plaintiffs' Home was subjected to a strong storm and the weather report noted widespread wind damage and localized flash flooding with strong to severe thunderstorms with gusts over 75mph.

12.    On August 16, 2021, Plaintiffs noticed a tremendous amount of water pour into their Home from the roof during the thunderstorm.

13.    On, or around, August 16, 2021, Plaintiffs called Nationwide Insurance Company and initiated a claim for this property loss through the agent Katherine Esparza.

14.    Plaintiff Peter Roberts noted several people in their neighborhood had trees uprooted, roof damage and vehicle damage from this storm.

15.    Plaintiff Peter Roberts had never seen water leaking from the impacted roof location prior to August 16, 2021.

16.    There was no damage known to Plaintiffs prior to this date to the interior living area and to any portion of the roof prior to August 16, 2021.

17.    From August 16, 2021, and for the months following that date, the water damage and destruction of the Home impacted Plaintiffs and their grandchildren (ages 1 and 4 years), as Sandra cares for their two grandchildren daily during the week for their daughter while she works.

18.    Plaintiffs have an additional 23 grandchildren who have not been able to come over and stay with them, which is something the family enjoys.

19.    Plaintiffs' family has been limited to just a small family room and a kitchen to stay in for over 10 months, and during this time those rooms had parts of walls missing and two holes in the ceiling.

20.    On or around October 1, 2021, Plaintiffs had EcoDry Restoration mitigate the Home for water damages and they were billed $14,641.21, yet the coverage given by Nationwide for the mitigation only totaled $2,668.71 and that was not calculated until March 7, 2022, almost 7 months after the loss occurred.

21.    An estimate for roof repair only was done in March, 2022, and totaled $31,610.53, but the coverage for this repair reported by Nationwide in their updated coverage notice was $3,756.63, and that was to cover both the interior walls/structure repair and the affected roof. This insurance coverage was not calculated until March 7, 2022, almost 7 months after the loss occurred.

22.    Although the loss occurred on August 16, 2021, and was reported at that time, the actual inspection by Nationwide of the Home for the loss was not performed until October 7, 2021, almost 2 months after the loss occurred.

23.    The corresponding updated assessment of damage coverage was not performed by Nationwide until March 7, 2022, almost 7 months after the loss occurred.

24.    Both Plaintiffs, Peter and Sandra, have endured extreme stress and strain because of the chaotic living arrangement and lack of support from Nationwide.

25.    Because the house was in disrepair, they have missed October break, Halloween, Thanksgiving, Christmas, New Years, Valentine's Day, St Patrick's Day, Easter, and Spring Break as they usually have their children and grandchildren come over for the holidays. The out-of-town children come and need a place to stay during October and Spring breaks.

26.    The insurance appointed "forensic engineer" did a report in August 2021, that was very inaccurate and misleading as it stated the date of loss was in June, when there were no storms. The correct date of loss is August 16 and 17, 2021, and this date was given to the insurance agent when the claim was initiated.

27.    When notified by Peter Roberts that the date was inaccurate, the agent Katherine Esparza, told Peter she did not need to change the date of loss from June to August because "there was effective insurance coverage on both dates."

28.    On March 7, 2022, a partial denial letter with a new incorrect "Notice of loss date" (January 20, 2022), but correct "loss date" of August 16, 2021, was sent from the Nationwide, and

only a very small payment was sent to the Plaintiffs. The partial denial letter said it did not cover "wear and tear" and "faulty construction."

29.     Nationwide claimed in its partial denial letter the cracked roof tiles were evidence of age and therefore they did not need to cover more of the repair cost, even though these were roof tiles damaged from the storm. Additionally, its denial letter criticized the siding and various caulking areas on the Home's exterior, even though the point of entry for the storm damage was from the damaged roof as mentioned above, not the sides of the Home.

30.     Pursuant to SECTION 1—PERILS INSURED AGAINST the Policy states:

A.  "Coverage A—Dwelling and Coverage B—Other Structures
1.  "We insure against direct physical loss to property described in Coverages A and B"

*****

2. "We do not insure, however, for loss:
a. Excluded under section I- Exclusions:

…

6) Any of the following:
a) Wear and tear, marring, deterioration.
b) mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself"

*****

B. "We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.
2.  Acts or decisions, including the failure to act or decide of any person, group, organization or governmental body.
3. Faulty, inadequate or defective,
a. Planning, zoning, development, surveying, siting;
b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, and backfilling;
c. Materials used in repair, construction, renovation or remodeling; or
d. Maintenance; of part or all of any property whether on or off the "residence premises."

31.     The Plaintiffs have not received sufficient coverage through their insurance policy to date, despite submitting appropriate information and communication to Nationwide.

32.    Nationwide has underpaid Plaintiffs for the coverage that should have been provided under the Policy.

33.    Nationwide has improperly and unreasonably denied a portion of Plaintiffs' claim on specious and irrelevant grounds.

34.    Nationwide has the burden of showing it operated in equal consideration of the interest of Plaintiffs as it had for itself. Nationwide has failed to establish this burden.

35.    The Plaintiffs purchased coverage through Nationwide to cover sudden and catastrophic events such as this.    If Nationwide's interpretations in the partial denial are correct, the Homeowners Policy provides illusory coverage that would never be enforceable for reasonable coverage of a property loss such that Nationwide would have sold illusory coverage as it accepted premiums with no expectation to provide any reasonable coverage to the Plaintiffs.

36.    The Policy exclusions, including but not limited to "wear and tear" and "mechanical breakdown" are ambiguous.  The Policy, therefore, must be construed against Nationwide and it cannot meet its burden to prove the applicability of the exclusions it relies upon to deny coverage for Plaintiff's claim.

37.    In response to Plaintiffs' claim, Nationwide failed to adequately investigate the claim.

38.    Nationwide failed to give equal consideration to Plaintiffs' claim.

39.    Nationwide elevated its interests over the interests of its insured, Plaintiffs.

40.    Nationwide failed to reasonably and promptly pay Plaintiffs for the full value of their losses arising from the storm water damage in the Home on August 16, 2021.

41.    Nationwide failed to reasonably inform Plaintiffs of all their rights and obligations under the Policy.

42.    Due to Nationwide's failures, as stated above, Plaintiffs were forced to hire counsel, incur costs and expenses in doing so, and are forced to file this lawsuit to recover benefits owed under their own Policy through Nationwide.

43.    Plaintiffs have been directly and proximately damaged by Nationwide's actions and/or inactions.

### COUNT ONE: BREACH OF CONTRACT

44.    Plaintiffs incorporate the previous allegations as if fully set forth herein.

45.    On August 16, 2021, Plaintiffs had a valid and existing Policy with Nationwide for Home property coverage.

46.    Plaintiffs performed all their obligations, covenants, and conditions required of them in the Policy, including paying their own premiums and cooperating with Nationwide during the claims process. Nationwide failed to make a good faith offer to reasonably and promptly pay for Plaintiffs' losses arising from their claim as shown under their coverage in the Declaration page of their homeowners insurance policy.

47.    Nationwide failed to properly cover Plaintiffs' damages from the storm and withheld benefits under the Policy. Nationwide breached the Policy by failing to pay the amounts due under the Policy.

48.    At all times relevant to this action, John and Jane Does I-III, ABC Partnerships I-III, and XYZ Corporations I-III, denied reasonable coverage, or breached Policy, and Nationwide is vicariously liable for their acts or omissions.

49.    As a direct and proximate result of Nationwide's breaches, Plaintiffs sustained direct and consequential damages.

### COUNT TWO: FIRST PARTY BAD FAITH

50.    Plaintiffs incorporate the previous allegations as if fully set forth herein.

51.    Every insurance contract in Arizona includes the covenant of good faith and fair dealing.

52.    The purpose of buying insurance is more than purchasing an indemnity contract, it is the insured buying peace of mind.

53.    When an insurance carrier breaches the covenant of good faith and fair dealing, the insured's peace of mind is destroyed, in addition to his potential for purchased property damage coverage.

54.    On August 16, 2021, Plaintiffs had a valid and existing homeowners insurance contract with Nationwide for coverage for Plaintiffs' Home.

55.    At all times relevant to this action, Nationwide owed Plaintiffs a duty of good faith and fair dealing.

56.    Nationwide's failure to adequately investigate, failure to make a good faith offer, failure to reasonably and promptly pay Plaintiffs on all aspects of their claim, unreasonable denial of coverage under the Policy, failure to inform of rights, misrepresentation of the facts in their documentation and failure to make reasonable efforts to alleviate the necessity of litigation constitute a breach of the covenant of good faith and fair dealing and satisfies both elements of the bad faith insurance cause of action.

57.    The claims agent, Katherine Esparza, showed a reckless disregard as to the Plaintiff insured's coverage by refusing to correct the date of loss that Nationwide had caused to be on their records.  This shows unreasonable and purposeful ignorance of the true facts of the storm water loss event that occurred on August 16, 2021, as the dates were incorrect, and consequently the assessment as to the cause of damages was incorrect.  Additionally, an actual updated coverage amount was not assessed until March 7, 2022, almost 7 months after the loss occurred.

58.    Nationwide exposed Plaintiffs to damages that should have been covered by the Policy.  Nationwide further exposed Plaintiffs to the uncertainty of coverage, destroying the peace of mind they purchased in the Policy.

59.    Nationwide further breached its covenant of good faith and fair dealing and compelled insured to litigate to recover amounts due under insurance policy by:

a.    Failing to acknowledge and act reasonably and promptly to conduct a reasonable investigation of claims arising under the Policy;

i. Plaintiffs suffered a loss covered under the Policy issued as they sustained storm damage to their roof.

ii. Plaintiffs properly presented a claim to Nationwide to be compensated for the loss on August 16, 2021.

iii. Nationwide Insurance Company failed to conduct a full, fair, prompt, and thorough investigation of all the basis of the Plaintiffs' claim and did not realistically analyze the roof or home until March 4, 2022, which was almost 7 months after the loss occurred as they kept assessing the loss according to the weather on a wrong date.

iv. Nationwide did not take into account the Advosy report that was submitted to them which described the roof damage as being from the severe storm on August 16.

v. The roof damage due to the August 16th storm has now been confirmed by the BBaca Engineering Report where it states that the roof underlayment is frequently compromised, as was in this instance, when the roof tiles were blown off from the severe storm.

vi. The BBaca Engineering Report also shows that at the transition of the roof, the upper missing rake tiles blown off from the storm exposed the edges of the remaining roof tiles in such a way that any water flowing down the roof tiles from above could easily drain off the exposed edges and infiltrate the home, to damage the areas below.

vii. Plaintiffs experienced additional emotional harm because of this lack of support by Nationwide.

viii. Nationwide's failure to properly investigate the claim was a substantial factor in causing Plaintiffs' harm.

ix. When investigating Plaintiffs' claim, Nationwide had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

x. Nationwide could not reasonably and in good faith deny reasonable payments to the Plaintiffs without fully investigating the grounds for its partial denial.

xi. Nationwide had the duty to diligently search for evidence which supports the Plaintiffs' claim and if it only seeks evidence that defeats the claim, it holds its own interest above that of the Plaintiffs.

b. Failing to provide a reasonable explanation of their basis of partial denial, within a reasonable time after proof of loss statements had been completed. Plaintiffs' claim was opened on or around August 16, 2021, and their partial denial letter was sent on March 7, 2022. That was more than enough time to follow up on Plaintiffs' claim as to this being a sudden loss.

c. Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

i. Plaintiffs suffered a loss covered under the Policy with Nationwide.

ii. Nationwide was notified of this loss on, or around, August 16, 2021.

iii. Nationwide unreasonably failed to pay policy benefits where Plaintiffs had a covered property loss.

iv. Nationwide's failure to pay policy benefits was a substantial factor in causing Plaintiffs' harm and it took almost 7 months for them to send the partial denial letter.

d. Failing to conduct the insurance company in good faith by:

i. Failing to properly train, supervise, and/or instruct its adjusters or agents;

ii. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and agents to properly evaluate claims;

- 10 -

iii. Failing to operate the insurance practice in good faith and encouraging or incentivizing claim denials or diminished claim values to benefit Defendant.

60. As a direct and proximate result of Nationwide's breach of the covenant of good faith and fair dealing, Plaintiffs have incurred and sustained direct and consequential damages and Nationwide is estopped from denying full coverage.

### COUNT FOUR: PUNITIVE DAMAGES

61. Plaintiffs incorporate the previous allegations as if fully set forth herein.

62. Upon information and belief, Nationwide acted with a consistent pattern to undermine the security of its own insurance policies to the detriment of its insureds, including Plaintiffs, to the extent that it constitutes a conscious disregard of the substantial likelihood such conduct is likely to cause emotional, mental, and financial injury and thus constitutes conduct sufficient to subject Nationwide to punitive damages.

63. The requisite "evil mind" necessary for punitive damages in a bad faith action against an insurer can be found where a defendant does not even intend to cause injury, but consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

64. After noting a covered property loss was present and a proper insurance claim was filed, Nationwide acted intentionally and maliciously when it withheld policy benefits. First Nationwide intentionally disregarded the correct date of loss for more than 7 months, and then Nationwide insisted there was wear and tear and faulty construction, when there was never an issue with the roof prior to this date with any storm. Nationwide was already notified by the roofing company the roof damage and water intrusion was caused by the severe storm on August 16. By reason thereof, Plaintiffs demand exemplary and punitive damages against the Nationwide in a reasonable amount, as is provided for in the Policy.

65. Plaintiffs are therefore entitled to punitive damages from Nationwide in an amount sufficient to stop its actions of having purposefully compiled erroneous determinations to the

detriment of the insured, to stop its actions conducted only for its benefit as the insurance company, and to deter similar conduct in the future.

## COUNT FIVE: REASONABLE EXPECTATIONS

66.     Plaintiffs incorporate the previous allegations as if fully set forth herein.

67.     Pleading in the alternative, to the extent the Court or a jury finds that coverage is excluded under the Policy, and Nationwide established its burden to deny coverage, Plaintiffs seek judicial modification of their Policy through the Doctrine of Reasonable Expectations.

68.     The Doctrine of Reasonable Expectations is the belief that the insured would not have accepted the insurance contract if he had known the contract contained a bizarre or oppressive term that eviscerates the non-standard terms explicitly agreed to in the contract, and therefore eliminates the dominant purpose of the contract.

69.     Insurance contracts are contracts of adhesion wherein the insured cannot negotiate the term: they are not arm's length contracts, but rather include boilerplate language included at the discretion of the insurance carrier.

70.     The Doctrine of Reasonable Expectations permits the Court to judicially modify the Policy when the terms of the Policy, even if unambiguous and provides no coverage, would defeat the reasonable expectations of the insureds.

71.     Plaintiffs were induced to believe that coverage existed for any catastrophic damage in their Home by any unnatural event like storm damage, which did occur on August 16, 2021. Nationwide had the opportunity to inspect Plaintiffs' Home before issuing the Policy. Nationwide provided Plaintiffs with a Declarations Page of the Policy which stated sudden loss occurrences would be covered. Nowhere in the Declarations Page of the Policy is there any indication that a catastrophic event of storm damage would not be fully covered.  Had Nationwide wanted to exclude reasonable coverage for storm damage, it could have done so through disclosures and exclusions to Plaintiffs.  It did not do so.

72.     Because Nationwide induced Plaintiffs to purchase the Policy with coverage believed to cover severe storm damage occurrences, pleading in the alternative, the Court should judicially modify the Policy to reflect such coverage.

73.     The exclusions that Nationwide relies upon to deny coverage are technically worded, were inconspicuously placed in the Policy within boilerplate language, and gut the coverage granted by the Declarations of the Policy, therefore the court may strike the clause that excludes coverage.

74.     The phrase "wear and tear, marring, deterioration" is ill defined, and ambiguous and especially in the facts of this case when there was no evidence to the homeowner there was reason to replace his roof tiles. A reasonable person would not think this phrase was applicable as there is no limitation to the word "deterioration" and almost every house is not new and is getting older if owned for any length of time. The ambiguity and uncertainty in such a case should be construed against Nationwide.

75.     The exclusions relied upon by Nationwide to deny coverage are also buried in the pages of the Policy and are not clear language placed in a conspicuous place in the Policy. The provisions relied upon by Nationwide in the denial letter are inconspicuously placed in the Policy and directly contradict the policy's purpose on the face of the Declaration page.

76.     Plaintiffs reasonably expected adequate coverage for a catastrophic event like what occurred on August 16, 2021.

77.     Pleading in the alternative, if this Court or the jury finds that no coverage exists under the terms of the Policy, the Policy should be judicially modified to provide coverage for the damages that occurred during this storm loss to Plaintiffs' Home.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Nationwide, as follows:

1.     For judgment in favor of Plaintiffs and against Nationwide for the full amount of the damages, totaling over $200,000.00

2.     For judgment in favor of Plaintiffs and against Nationwide on their claim for breach

1  of contract;

2       3.      For judgment in favor of Plaintiffs and against Nationwide on their claim for breach

3  of the covenant of good faith and fair dealing – as the Nationwide was a bad faith actor and

4  conspired its decisions in its interests and not in the interest of the Plaintiffs who were not given

5  any reasonable coverage benefits when it should have covered them for their large amount of

6  damages;

7       4.      For such sums as and for general damages to be proven at trial;

8       5.      For such sums as and for special damages to be proven at trial;

9       6.      For punitive damages in an amount sufficient to punish Nationwide and to deter

10 similar future conduct by Nationwide  and other similarly situated insurance companies;

11      7.      For attorneys' fees pursuant to A.R.S. §12-341.01;

12      8.      For pre- and post-judgment interest at the maximum rate permitted by law;

13      9.      For costs of suit herein and for such other and further relief as the Court deems just.

14 RESPECTFULLY SUBMITTED this 10th day of January, 2023.

15

16

17                              **COPPER CANYON LAW, LLC**

18

19                              By  _Ry S S_____

20                              Ryan P. Sandstrom
                               Marilyn M. Kitt
21                              43 E. 1st Avenue
                               Mesa, Arizona 85210
22                              *Attorneys for Plaintiffs Peter Roberts and Sandra*
23                              *Pacatte Roberts*

24

25

26

27

28

*EXHIBIT 2*

Person/Attorney Filing: Ryan Sandstrom
Mailing Address: 43 E. 1st Avenue
City, State, Zip Code: Mesa, AZ 85210
Phone Number: (480)833-3838
E-Mail Address: ryan@coppercanyonlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029862, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
1/10/2023 3:54:01 PM
Filing ID 15375683

DEPT OF INSURANCE &
FINANCIAL INSTITUTIONS

MAR 0 3 2023

TIME *12:39*
SERVICE OF PROCESS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Peter Roberts, et al.
Plaintiff(s),
v.
Nationwide Insurance Company of America
Defendant(s).

Case No.  CV2023-090138

**SUMMONS**

To: Nationwide Insurance Company of America

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,</u>
   <u>Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's</u>
   <u>approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set 87557487

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *January 10, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

*EXHIBIT 3*

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
1/10/2023 3:54:01 PM
Filing ID 15375682

Person/Attorney Filing: Ryan Sandstrom
Mailing Address: 43 E. 1st Avenue
City, State, Zip Code: Mesa, AZ 85210
Phone Number: (480)833-3838
E-Mail Address: ryan@coppercanyonlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029862, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Peter Roberts, et al.
Plaintiff(s),
v.
Nationwide Insurance Company
Defendant(s).

Case No.  **CV2023-090138**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Ryan Sandstrom /s/
Plaintiff/Attorney for Plaintiff

*EXHIBIT 4*

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
1/10/2023 3:54:01 PM
Filing ID 15375681

**Plaintiff's Attorneys:**

Ryan Sandstrom - Primary Attorney
Bar Number: 029862, issuing State: AZ
Law Firm: Copper Canyon Law
43 E. 1st Avenue
Mesa, AZ 85210
Telephone Number: (480)833-3838
Email address: ryan@coppercanyonlaw.com

**CV2023-090138**

Marilyn Kitt
Bar Number: 029857, issuing State: AZ
Law Firm: Copper Canyon Law
Telephone Number: (480)833-3838

**Plaintiffs:**

Peter Roberts

Sandra Pacatte Roberts

**Defendant:**

Nationwide Insurance Company

Discovery Tier t2

Case Category: Contracts
Case Subcategory: Other Contract (Breach of Contract)

AZTurboCourt.gov Form Set #7567487

*EXHIBIT 5*



## CSC

# Notice of Service of Process

null / ALL
Transmittal Number: 26520050
Date Processed: 03/08/2023

**Primary Contact:** SOP Team nwsop@nationwide.com
Nationwide Mutual Insurance Company
Three Nationwide Plaza
Columbus, OH 43215-2410

**Electronic copy provided to:** Ashley Roberts

| | |
|---|---|
| **Entity:** | Nationwide Insurance Company Of America<br>Entity ID Number  3286566 |
| **Entity Served:** | Nationwide Insurance Company of America |
| **Title of Action:** | Peter Roberts and Sandra Pacatte Roberts  vs. Nationwide Insurance Company, XYZ I-III |
| **Matter Name/ID:** | Peter Roberts and Sandra Pacatte Roberts  vs. Nationwide Insurance Company, XYZ I-III (13747747) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2023-090138 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 03/08/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Copper Canyon Law, LLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



AND FINANCIAL INSTITUTIONS ("DIFI")
https://DIFI.az.gov
100 North 15th Avenue, Suite 261
Phoenix, AZ 85007-2630

9489 0090 0027 6486 6658 76

MON 06 MAR 2023
WVAZ PDC 850 ZIP

US POSTAGE PITNEY BOWES

ZIP 85007
02 1W
0000340882 MAR 08 2023

NATIONWIDE INSURANCE COMPANY OF AMERICA
c/o CORPORATION SERVICE COMPANY
8825 North 23rd Avenue. Suite 100
PHOENIX, AZ 85021

Person/Attorney Filing: Ryan Sandstrom
Mailing Address: 43 E. 1st Avenue
City, State, Zip Code: Mesa, AZ 85210
Phone Number: (480)833-3838
E-Mail Address: ryan@coppercanyonlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029862, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
1/10/2023 3:54:01 PM
Filing ID 15375683

DEPT OF INSURANCE &
FINANCIAL INSTITUTIONS

MAR 0 3 2023

TIME *12:39*
SERVICE OF PROCESS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Peter Roberts, et al.
Plaintiff(s),
v.
Nationwide Insurance Company of America
Defendant(s).

Case No.  CV2023-090138

**SUMMONS**

To: Nationwide Insurance Company of America

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,</u>
    <u>Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's</u>
    <u>approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set 87567487

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *January 10, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *SENA ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

**EXHIBIT 6**

 # COPPER CANYON LAW

OFFICE: (480) 833-3838 | FAX: (480) 833-3837 | 43 EAST 1st AVENUE MESA, AZ 85210 | WWW.COPPERCANYONLAW.COM

September 6, 2022

**VIA EMAIL AND U.S. MAIL**

Katherine Esparza
Contact Claims Associate
Nationwide Insurance Company
PO Box 182068
Columbus, OH  43218

Email:  Espark2@Nationwide.com

> ***Re: Peter Roberts and Sandra Pacatte Roberts' Storm Damage Loss***
> ***Your Insured: Peter Roberts and Sandra Pacatte Roberts***
> ***Claim No.: 864759-GM***
> ***Policy No.: 7202HR000829***
> ***DOL: 8/16/2021***

## <u>SETTLEMENT DISCUSSIONS SUBJECT TO RULE 408 OF EVIDENCE</u>

Dear Katherine:

Please be aware that we represent Peter Roberts and Sandra Pacatte Roberts regarding their roof damage and resulting home damage from the severe thunderstorms occurring on 8/16/2021. This loss was located at the Roberts' home at 5826 East Inglewood Street, Mesa, AZ 85202 (the "Home") on 8/16/2021.  The Home is insured by Nationwide Insurance ("Nationwide") under Policy No 7202HR000829 (the "Policy").  The Roberts have incurred many months of chaos in their unrepaired house as Nationwide Insurance has not fully paid for their repairs either for the roof, the mitigation for the water damage, or for the interior of the home.  They have spent tens of thousands of dollars in their own money and have struggled during this repair process due to the scant assistance from Nationwide.

As you are aware, insurance carriers in a first-party context owe their insureds a duty of good faith and fair dealing.  A breach of that duty exposes the carrier to damages significantly in excess of the contract damages, including damages for bad faith and punitive damages.  When an insurance company seeks their own financial benefits over the rights of the insured, it is considered bad faith. *See Zilisch v. State Farm Mutual Auto Ins. Co 196 Ariz. 234 (Sup. Ct. Ariz. 2000), Clearwater v. State Farm Mut. Auto. Ins. Co. 164 Ariz 256 (Sup Ct. Ariz. 1990), and Mariscal v Old Republic Life Ins, 42 Cal. App 4th 1617 (App. 1996).* In this present case, Nationwide partially denied this claim, severely undervaluing the project and affecting Roberts' ability to finish their project timely and financially reasonably, when there is no evidence to suggest this home damage

Claim No.: 864759-GM
September 6, 2022
Page 2 of 3

was resulting from roof "wear and tear," as was claimed in the denial letter. Contrastingly, the evidence shown by the Advosy report, and now confirmed by the attached BBaca Engineering report, is that this roof damage was caused by severe wind and hail from the August 16, 2021, storm, which then caused secondary water damage inside the Home. There were no issues prior to this storm. You list in error "several tiles have cracked due to contraction and expansion" when the tiles, instead, were cracked from significant wind and hail damage, and you had the Avosy report already that stated this fact.

Further investigation by the qualified engineer BBaca, as shown in the attached report, supports Advosy's observations. The engineer's inspection also showed localized damage to the roofing surface at various roof locations because of the storm damage. He went on to report that the roof underlayment did not appear to be previously injured as there was no evidence of prior leaking. Further he stated a roof underlayment is frequently compromised, as was here, when the roof tiles are blown off. He then reported on page 3 that at the transition of the roof, the upper missing rake tiles, blown off by the storm winds, exposed the edges of the remaining roof tiles in such a way that any water flowing down the roof tiles from above could easily drain off the exposed edges and infiltrate the home to damage the living areas below. The blown off tiles, in fact, struck the underlayment, causing gouges and water entry that, in turn, caused resulting damage to the interior of the home. In the engineer's report, the repair recommendations included fully removing the patio roofing surface and replacing the concrete tile roof surface underlayment. It was recommended all repairs be made by a licensed roofing specialist and any water damaged wood substrate components also be replaced to restore its function and structural integrity.

Part of the poor assistance from Nationwide is derivative from your insistence to not change the date of loss to the correct date. The date of loss was originally listed in June 2021 for this claim number. The true date of loss was August 16, 2021, and you were informed of this on three separate occasions. Sadly, even the partial denial letter you sent in March 2022 did not have the correct date but instead listed January 20, 2022. Peter Roberts is prepared to testify that you told him you did not need to change the date of loss from June to August because he had insurance coverage on both dates. The problem with this rationale is that it gives Nationwide an excuse to not cover this loss fully as it cannot be verified in June nor on January 20 that there was a severe thunderstorm through the National Weather Service reports, but it can be verified there was a severe microburst thunderstorm on August 16 and 17, 2021. The fact you never changed the date of loss to the correct date, and then refused to fully reimburse Peter and Sandra Roberts for their property loss, even after being informed three times that it was the incorrect date, shows bad faith on the part of Nationwide.

In your partial denial of payment letter dated March 7, 2022, you state reasons why the interior of the home had water invasion, all of which are immaterial as the water entry had already been verified as being caused from the storm damaged roof. Advosy had verified this cause of loss, and now again it is verified by the Engineer, who inspected the home after the incident. Your comment about not having foam under the stucco and existing stucco cracks, as causes of water entry, is invalid and shows a possible purposeful misunderstanding of the functionality of these exterior coverings. Stucco is not water resistant and insulation foam is never used under stucco as a water barrier. Its purpose is to create insulation (R value) for the home, hence why it is called

Claim No.: 864759-GM
September 6, 2022
Page **3** of **3**

"foam insulation."   Water sometimes goes behind the rigid foam insulation and instead of preventing the water, the foam purposefully channels the water down the side of the house, so it doesn't collect in one spot, further indicating it is not a water barrier.   The water barrier is installed behind the foam insulation and contains water prevention sheeting, *See* Stucco Over Rigid Foam Insulation | Building America Solution Center (pnnl.gov) regarding foam placement. Nevertheless, this foam appears to be mentioned in the partial denial letter to create a diversion, and an excuse, that Nationwide has contrived to avoid full payment for this loss as the sides of the house were not the water entry point during this storm.   The roof was the point of rain entry, and this fact is confirmed by both the Advosy and the BBaca engineering reports.

The purpose of this letter is to give Nationwide the opportunity to settle for $200,000.   If it elects to not settle this invoice immediately, we will need to evaluate options against Nationwide. The deadline to respond to this letter is September 13, 2022.   See attached Complaint.

We are giving Nationwide until September 13, 2022, to pay $200,000, to Copper Canyon Law, Client Trust Account.   We expect Nationwide to pay this claim within this timeframe.   Please direct future correspondence to our firm for this matter.

Sincerely,

/s/ Ryan Sandstrom

Partner
For the Firm
ryan@coppercanyonlaw.com

/s/ Marilyn Kitt

Associate Attorney
*Lic #232456 CA*
*Lic # pend. AZ*
For the Firm
marilyn@coppercanyonlaw.com

RPS/MMK/km